## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | **NO.  05-333-1** |
| | ) | |
| KEVIN ABBOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

FEB 2 8 2008

MICHAEL E. KUNZ, Clerk

By_____Dep. Clerk

---

### MEMORANDUM OPINION

RUFE, J.                                                                                      **February 27, 2008**

After a jury trial in April 2006, Defendant Kevin Abbott was convicted of all

indicted counts: Count 1, conspiracy to possess with intent to distribute a controlled substance

under 21 U.S.C. § 846; Count 2, possession with intent to distribute more than 5 grams of crack

cocaine under 21 U.S.C. § 841(a)(1) & (b)(1)(B); Count 3, possession of a firearm during or in

relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A); Count 4, possession of a

firearm by an armed career criminal under 18 U.S.C. § 922(g)(1); and Count 5, aiding and

abetting under 18 U.S.C. § 2.  Prior to sentencing, on December 7, 2007, the government

submitted its Sentencing Memorandum,[1] recommending that the Court impose the minimum

mandatory sentence, which it calculated to be twenty years.  Abbott's Sentencing Memoranda[2]

asked the Court to sentence him to a total fifteen-year mandatory minimum sentence, to be

achieved by running the five-year consecutive sentence for his conviction of section 924(c)(1)(A)

concurrently with the fifteen-year sentence to be imposed for his conviction of section 922(g)(1).

The Court commenced a sentencing hearing on February 5, 2008, which was then

---

[1] Doc. No. 148.

[2] Doc. Nos. 146 & 152.

**ENTERED**

FEB 2 8 2008

**CLERK OF COURT**

continued to allow the Court to more thoroughly research the mandates of the statutes governing Abbott's sentence in this matter, because neither the government nor counsel for Abbott presented adequate legal support for the sentences they sought.  At the sentencing hearing, the Court found that Abbott's prior convictions qualify him as a "career offender" under sections 922 and 924.[3]

Abbott has been convicted of all indicted counts.  Quite apparently, for the many factual bases supported by the trial record and the jury's verdict, this Court finds that Abbott's conviction on Count 4, under section 922(g), relates squarely to the use or possession of a firearm "during and in relation to any crime of violence or drug trafficking crime,"[4] those specific drug offenses for which he was convicted in Counts 1 and 2.  Thus, for his conviction on Count 3 under section 924(c)(1)(A), all parties agree that this Court <u>must</u> impose a minimum sentence of five years, consecutive to any sentence imposed on Counts 1 and 2.  Likewise, the parties agree that the Court must impose a minimum sentence of fifteen years for Abbott's conviction on Count 4 because it invokes the Armed Career Criminal Act of 1984 ("ACCA"),[5] which contains a career offender enhancement that applies to section 922 gun charges as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not

---

[3] Abbott's prior convictions as an adult include: 1) simple assault, terroristic threats, recklessly endangering another person, and carrying a firearm on a public street; 2) possession with intent to distribute a controlled substance; 3) possession with intent to distribute "crack" cocaine; and 4) another possession with intent to distribute "crack" cocaine.  <u>See, e.g.</u>, Government's Mot. For Pretrial Detention at 4-5 [Doc. No. 13].

[4] 18 U.S.C. § 924(c)(1)(A).

[5] 18 U.S.C. § 924(e).

less than fifteen years . . . .[6]

Because Abbott was convicted of violating section 922(g)(1) at Count 4, and because he has three previous convictions for a "violent felony" or "serious drug offense" as defined by the statute, the Court is statutorily mandated to impose a fifteen-year sentence under section 922(g) and a five-year sentence under section 924(c). It is the conjunction of sentences for the weapons offenses that is still at issue, namely, whether the terms of imprisonment set by sections 922 and 924 may run concurrently.

Defendant argues that the mandatory fifteen-year sentence under section 922(g) and the mandatory five-year sentence under section 924(c) may run concurrently with each other, which the government opposes. This issue is one of statutory interpretation, as Abbott and the government read section 924 differently. The Court's first step in statutory interpretation is to first look at the plain meaning of the statute, and if it is clear, the court's analysis stops there.[7] The plain language of section 924(c)(1)(D)(ii) states, in pertinent part: "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried or possessed." The plain language of this statute clearly and unambiguously mandates the district court to run any sentence under section 924(c) consecutive to all other sentences stemming from a crime of violence or drug trafficking in the same criminal proceeding.

---

[6] 18 U.S.C. § 924(e)(1).

[7] See, e.g., United States ex rel. Mistic PBT v. Housing Auth., 186 F.3d 376, 395 (3d Cir. 1999) ("The [Supreme] Court has instructed us to begin with a statute's text when discerning its meaning, and to 'assume that the legislative purpose is expressed by the ordinary meaning of the words used.'") (quoting United States v. James, 478 U.S. 597, 604 (1986)).

Although the Third Circuit has not yet dealt squarely with this issue, there is a consensus among other circuits that any sentence imposed under section 924(c) must run consecutive to any other term of imprisonment imposed on a defendant, including a sentence imposed under 922(g).[8]  Thus, our guidance may be limited, but it is clear.

The Third Circuit has held that the government is not required, constitutionally or statutorily, to provide formal, pretrial notice of its intention to seek an enhanced sentence.[9]  In the Court's further review of Abbott's sentencing record, it considered, *sua sponte*, the notice of prior convictions provided to Abbott to support the ACCA finding that resulted in the fifteen-year minimum sentence for his 922(g) gun charge.  A cursory review of the record reveals at least four notices of his prior convictions: 1) the Government's Motion for Pretrial Detention;[10] 2) the Information Charging Prior Offenses;[11] 3) the Government's Motion in Limine to Allow Impeachment of Defendants with Prior Convictions if Defendants Testify;[12] and 4) the Pre-Sentence Report.  At no point, pre or post-trial, did Abbott raise objections to any convictions.  The Court is satisfied that the qualifying prior criminal convictions underlying the ACCA

---

[8] The Fourth, Fifth, Sixth and Tenth Circuits, among others, have consistently held that the plain meaning of section 924(c) clearly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment imposed for any other crime, including a sentence under 922(g).  See, e.g., United States v. Johnson, 32 F.3d 82, 85 (4th Cir. 1994) ("Concurring with our colleagues in the Fifth and Sixth Circuits, which have issued opinions on the exact same issue, we hold that, notwithstanding the overlap of statutory elements, Congress intended § 924(c)(1) to apply to all crimes of violence, including car jacking."); United States v. Overstreet, 40 F.3d 1090, 1094-95 (10th Cir. 1994) ("Congress clearly expressed its intent that section 924(c)(1) apply cumulatively to *all* crimes of violence . . . .").

[9] United States v. Mack, 229 F.3d 226, 231 (3d Cir. 2000).

[10] Doc. No. 13.

[11] Doc. No. 45.

[12] Doc. No. 65.

enhanced sentence of fifteen years for violation of section 922(g) were duly noticed to Defendant and have been verified, and that the Court must find that enhancement appropriate in Abbott's case.

In the analogous case of United States v. Mack, Mack was convicted of being a felon in possession of a handgun under section 922(g)(1), and was sentenced to 262 months as a result of two sentence enhancements pursuant to the penalty provisions for section 922(g) offenses, located at sections 924(c) and 924(e).[13]  In Mack, the defendant challenged the application of the ACCA enhancement on due process grounds, arguing that he did not receive formal pretrial notice of the government's intent to seek an enhanced sentence.[14]  The Third Circuit rejected Mack's challenge, holding that even if the government was required to provide notice, which it is not, Mack was provided with constitutionally adequate notice where the government provided him with certified copies of the relevant prior convictions, the PSR stating that he was subject to ACCA enhancements, and formal pre-sentence notice that he would be sentenced as an armed career criminal.[15]  Additionally, the Mack Court noted that Mack did not at any time contest the validity of his prior convictions in front of the district court.[16]  Abbott equally failed to raise objections to his prior convictions at any point.

For the foregoing reasons, the Court rejects Defendant's contention that the sentences imposed for conviction on Count 3 (section 924(c)(1)(A)) and Count 4 (section

---

[13] See Id. at 237-38 (Becker, C.J., concurring).

[14] Id. at 231.

[15] Id. at 232.

[16] Id.

922(g)(1)) can run concurrently.  Now, having settled that the Court is statutorily mandated to run the mandatory sentences for Counts 3 and 4 consecutively, the Court will calculate Abbott's final sentence pursuant to an analysis under 18 U.S.C. § 3553(a) and the mandatory minimum sentences to be imposed at the next scheduled sentencing hearing.

BY THE COURT:

CYNTHIA M. RUFE, J.

2.27.8
cc
E. Ainslie, Esq (via fax)
M. Miller, AUSA (via fax)